PRICE, Judge.
Jesse Dewey Hendricks filed this rule seeking to amend a 1977 divorce judgment to terminate or reduce his alimony obligation to his former wife. The trial court reduced the amount of alimony due her from $200 a month to $160 a month and she appeals. We reverse.
When the divorce was granted in 1977 Hendricks was employed by International Paper Company in Springhill at a net salary of about $1,200 a month. When the Spring-hill mill ceased operations in February 1979, he was terminated from his job and has been unemployed since. Hendricks is fifty-four years old, and although at the time of the hearing on the rule in early April 1979 he was only receiving $141 a week unemployment compensation, he had recently received or became eligible to receive approximately $10,000 in severance pay and earned and accrued vacation pay. Furthermore, he will be eligible to receive retirement pay of $369 a month beginning in December 1979.
The needs and expenses of neither party had decreased since 1977. However, defendant-in-rule is at present unemployed and in bad health and her expenses substantially exceed $200 per month.
The trial court apparently found that due to Hendricks’ loss of his job his circumstances had changed to such an extent that he was no longer able to pay $200 a month alimony and reduced that amount to $160 a month. Defendant-in-rule appeals this ruling contending primarily that the trial court erred in finding plaintiff-in-rule was no longer able to pay alimony according to the 1977 divorce judgment when his net income for 1979 was substantially the same or greater than his income in 1977. She contends that although plaintiff-in-rule is now unemployed and his regular monthly income has decreased, the substantial amounts he received as severance and vacation pay should be considered in determining his present ability to pay.
We agree. At the time of the trial of this rule Hendricks had been unemployed for less than a month and a half. While his regular income for that period had decreased due to his unemployment, substantial sums had become due and paid him by his former employer. Although these payments were not recurring sources of income, they would be more than sufficient to sustain his ability to pay his alimony obligation for some time (certainly longer than a month and a half) after termination from his job. Consequently at the time of trial his circumstances had not changed sufficiently to justify the reduction in alimony due his former wife.
We note that when these lump sum payments from his former employer have been spent and are no longer available for satisfaction of his alimony obligation, plaintiff-in-rule may then be entitled to a reduction. However, by that time he may have found other employment or the circumstances of *DXXXVI the parties may have changed in many respects. For this reason, determination of needs and ability to pay should not be based on the circumstances anticipated to exist at some future date.
For the foregoing reasons, the judgment is reversed, and the demands of plaintiff-in-rule are rejected. All costs including this appeal are assessed to plaintiff-in-rule.